**INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 701, AFL–CIO, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 75–1434.**

United States Court of Appeals, Ninth Circuit.

July 20, 1978.

Thomas F. Levak (argued), of Carney, Probst, Levak & Cornelius, Portland, Ore., for petitioner.

David Fishback (argued), Washington, D. C., Lewis K. Scott (argued), Portland, Ore., for respondent.

Before ELY, TRASK, and TANG, Circuit Judges.

PER CURIAM:

The National Labor Relations Board seeks enforcement of its order, published at 216 N.L.R.B. 45, requiring the Union to cease and desist from violating 29 U.S.C. § 158(e), by maintaining or enforcing Arti-

cle XIX[1] of its current collective bargaining agreement. The Union had earlier filed a petition for review of the Board's order, but that petition has been dismissed.

■ In our opinion, the issues in this case are the same as those decided in *Acco Construction Equipment, Inc. v. NLRB,* 511 F.2d 848 (9th Cir. 1975). The Board correctly found that Article XIX affects secondary employers such as manufacturers and equipment dealers because it requires post-warranty workers utilized in repair or service work to be covered by the collective bargaining agreement. *See National Woodwork Mfrs. Ass'n. v. NLRB,* 386 U.S. 612, 644–45, 87 S.Ct. 1250, 18 L.Ed.2d 357 (1967). The Union's second contention is that, even if Article XIX is a hot cargo clause, it is permitted by the construction industry proviso of Section 8(e), 29 U.S.C. § 158(e). In the Union's view, while the clause states that it covers work performed "at or near" the jobsite, the clause has actually been interpreted to mean "on" the jobsite, and as so interpreted, the clause falls within the proviso. We find this argument unpersuasive. The clause must be considered to mean what it says.

The order of the Board is enforced.

1. Article XIX reads as follows:

Section 1. Employees covered by this Agreement shall be used on all maintenance, servicing and repair work except that machinery covered by a manufacturer's written guarantee is not subject to this Agreement under the following conditions:

(a) No warranty shall run for a period of more than 1000 meter or working hours.

(b) The term "equipment" or "machinery" means a complete unit such as a shovel, crane, tractor, scraper, compressor, etc., and does not include component assemblies such as motors, transmissions, etc., which are installed in equipment. The intent of this paragraph is to stop the practice of chain warranties.

(c) Equipment which is rented, leased, or is on a rental purchase contract, in which ownership resides in the dealer, shall be considered to belong to the contractor for the purpose of this Article.

(d) On used equipment, a dealer's warranty shall not exceed 300 hours.

(e) Warranty mechanics shall supervise such work at or near the job site and use the tools of the trade, assisted on all work by employees covered by the terms and conditions of this Agreement. Warranty Mechanics shall not work at a ratio greater than two Warranty Mechanics for each Contractor Mechanic.

Section 2. It is expressly understood and agreed to by all parties hereto, that when the contractor's equipment is repaired (work other than warranty work) at or near a job site by a manufacturer, equipment dealer or individual, the contractor shall be required to see that the terms and conditions of this Agreement are complied with. The Employers shall not use any method or means to circumvent the intent of this Article.

Section 3. If the Employer violates the above it will not be a violation of this Agreement for the Union to refuse to operate such equipment until an arrangement has been reached with the Union.